**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE FRANCISCO GARCIA, | No. 13-35740 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-03114-LRS |
| v. | |
| DERRICK PEREZ, Officer; MIKE MOREHOUSE, Officer, | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| JOSE FRANCISCO GARCIA, | No. 13-35758 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-03114-LRS |
| v. | |
| DERRICK PEREZ, Officer; MIKE MOREHOUSE, Officer, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted April 7, 2015
Seattle, Washington

Before: FERNANDEZ, RAWLINSON, and CALLAHAN, Circuit Judges.

Plaintiff-Appellant Jose Francisco Garcia (Garcia) appeals the district court's grant of summary judgment in favor of Defendants-Appellees Derrick Perez and Michael Morehouse (the officers) on his federal civil rights claims.

The officers cross-appeal, arguing that the district court erred when it failed to dismiss Garcia's complaint on the basis of the *Heck*[1] doctrine.

**1.**     The district court erred when it granted summary judgment in favor of the officers based on qualified immunity.  Specifically, the district court erroneously concluded that the officers' statement of facts were "uncontroverted" and "controlling," without considering Garcia's verified complaint as opposing evidence. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (recognizing that verified pleadings are admissible to oppose summary judgment).  We remand for the district court to reconsider the motion for summary judgment after taking into account the video, Garcia's verified complaint, the officers' declarations, and other admissible evidence submitted by the parties.  We leave to the district court to

---

[1]  *Heck v. Humphrey*, 512 U.S. 477 (1994).

determine in the first instance whether the claim should be analyzed as an excessive force claim under the Fourth Amendment or a due process claim under the Fourteenth Amendment. In either event, the district court must determine whether Garcia has raised a genuine issue of material fact, thereby precluding summary judgment.[2]

2.      The district court erred when it granted summary judgment to the officers on all of Garcia's claims, without "explicitly addressing" Garcia's unresolved claim asserting denial of medical treatment. *M.M. v. Lafayette School Dist.*, 767 F.3d 842, 862 (9th Cir. 2014), *as amended*. We remand this claim for the district court to consider in the first instance. *See id.*

3.      The district court correctly determined that the *Heck* bar does not apply to Garcia's excessive force claim because it is unclear what facts formed the basis of the criminal conviction, and a favorable judgment on the excessive force claim

---

[2]We note that the United States Supreme Court recently granted *certiorari* in *Kingsley v. Hendrickson*, 744 F.3d 443 (7th Cir. 2014), 135 S.Ct. 1039 (2015). The Court's forthcoming opinion may clarify the appropriate analysis for considering civil rights claims brought by a pre-trial detainee who is detained pursuant to a warrant.

would not "necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487; *Smith v. City of Hemet*, 394 F.3d 689, 699 (9th Cir. 2005).

**We VACATE AND REMAND in Case No. 13-35740 for further proceedings consistent with this disposition.**

**We AFFIRM in Case No. 13-35758.**

**Each party shall bear its costs of appeal.**